IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Timothy Parnell Strong *as trustee of Custos Strong Estate*, | C/A No. 6:25-cv-08691-TMC-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| LVNV Funding LLC, Resurgent Capitol Services LP, Credit Control LLC, | |
| Defendants. | |

This is a civil action filed by a non-prisoner. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

**PROCEDURAL HISTORY**

The plaintiff's complaint was entered on the docket on July 28, 2025 (doc. 1). By order dated August 20, 2025, the plaintiff was given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (including responses to the Court's Special Interrogatories) (doc. 8). The plaintiff was warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The plaintiff was also advised of his duty to keep the court informed as to his current address (*id*. at 2). The plaintiff did not respond to the order. On September 19, 2025, the plaintiff was given a second opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (including responses to the Court's Special Interrogatories) (doc. 18). The plaintiff was warned for a second time that failure to provide

the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The plaintiff was also advised for a second time of his duty to keep the court informed as to his current address (*id*. at 2). To this date, the plaintiff has neither advised the Court of any changes to his address nor responded to the September 19, 2025, proper form order and the time for response has lapsed.

During this same time, Credit Control, LLC, appeared in this action and filed a motion to dismiss (doc. 12). The motion was denied with leave to re-file because initial review of the plaintiff's complaint was ongoing and service had not been authorized (doc. 14).

## **ALLEGATIONS**

This is a civil brought by the plaintiff, proceeding *pro se* (doc. 1). The plaintiff alleges that his case is brought as a trustee of the Custos Strong Estate (*id*. at 1). The plaintiff contends that he is part of an Ecclesiastical Trust and acts as solely as the trustee of the Custos Strong Estate (*id*. at 1, 4). The plaintiff alleges that the defendants are debt buyers who administer debts (*id*. at 2). The plaintiff contends that he has been receiving debt collection notices regarding a debt charged off by WebBank in 2015 (*id*. at 3). Resurgent Capital Services told the plaintiff the debt could not be collected upon and was time barred although Credit Control, LLC attempted to collect on the debt (*id*. at 3, 4–5). The plaintiff also alleges that the defendants failed to provide lawful validation of the debt (*id*.).

The plaintiff's first cause of action is violations of the Fair Debt Collection Practices Act ("FDCPA") (*id*. at 5). The plaintiff's second cause of action is trust harm and interference with private contracts (*id*. at 6). The third cause of action is fraudulent misrepresentation and unjust enrichment (*id*.). The fourth cause of action is violation of the Fair Credit Reporting Act ("FCRA") (*id*.). The fifth cause of action is violation of the South Carolina Unfair Trade Practices Act ("SCUPTA) (*id*. at 6–7). For relief, the plaintiff seeks

money damages and an injunction preventing further collection efforts on the debt in question (*id*. at 7).

## STANDARD OF REVIEW

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the plaintiff filed this action seeking damages and injunctive relief from the defendants. However, the plaintiff's complaint is subject to summary dismissal. It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;

3

> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, the plaintiff has failed to bring his case into proper form (*see* docs. 8; 18). The proper form orders warned the plaintiff of the consequences of failing to comply with instructions to bring his case into proper form, including the dismissal of his case pursuant to Fed. R. Civ. P. 41(b) (docs. 8 at 1; 18 at 1). Despite these warnings, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's order and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with an order of the court.

Additionally, the undersigned notes that the plaintiff's complaint would be subject to summary dismissal even if the plaintiff had brought it into proper form, because his allegations are frivolous and fail to state a claim for relief. *See Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). Further, the plaintiff purports to bring this action *pro se* as a trustee for the Custos Strong Estate, but a "trustee cannot represent a trust pro se in federal court." *Corley v. Leach*, C/A No. 2:23-cv-04935-BHH-MHC, 2024 WL 1558609, at *2–3 (D.S.C. Mar. 19, 2024) (collecting cases recognizing that a trustee may not *pro se* represent a trust). Indeed, the plaintiff's claims (as the "trustee" for the Custos Strong Estate) in this action appear based on the notion that he has special status in the United States and acts in the "jurisdiction of the

Almighty Creator" not within the United States (*see* doc. 1).  Although the plaintiff does not identify himself as a sovereign citizen, his complaint bears all of the hallmarks of the "sovereign citizen" theory.  *See Leaks v. N.C.*, C/A No. 3:22-cv-00108-MR, 2023 WL 2291241, at *1–2 (W.D.N.C. Feb. 28, 2023) (recognizing as a sovereign citizen a plaintiff identified as a national of the United States of America).  Adherents to the "sovereign citizen" theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."  *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, C/A No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features), *Report and Recommendation adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013).  These theories have repeatedly been rejected as baseless.  *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (explaining claim by party that he was "outside" the jurisdiction of the United States to be "completely without merit" and "patently frivolous" and rejecting it "without expending any more of this Court's resources on their discussion"); *Glover v. South Carolina*, C/A No. 5:16-cv-00969-JMC, 2017 WL 1836982, at *1 n.1 (D.S.C. May 8, 2017), *appeal dismissed sub nom.*, 700 F. App'x 306 (4th Cir. 2017).  As such, even had the plaintiff brought this case into proper form, it would be subject to dismissal as frivolous.

### **RECOMMENDATION**

As noted above, the plaintiff has failed to bring his case into proper from and the instant matter is subject to dismissal as frivolous.  Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process.  *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir.

5

2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

      **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

October 8, 2025
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).